1  Aaron A. Mitchell (Pro Hac Vice)
   COHEN AND HOWARD, LLP
2  766 Shrewsbury Avenue, Suite 200
   Tinton Falls, N.J. 07724
3  Phone: (732) 747-5202
   Fax: (732) 747-5529
4  Email: amitchell@cohenandhoward.com

5  Neil M. Sunkin (Cal. Bar No. 153868)
   LAW OFFICE OF NEIL M. SUNKIN
6  A Professional Corporation
   22908 Gershwin Dr.
7  Woodland Hills, CA 91364
   Phone: (818) 876-9975
8  Fax: N/A
   Email: nms@sunkinlaw.com

10 *Attorney for Plaintiff and Counter-Defendant*
   *WENGUI GUO a/k/a MILES KWOK*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENGUI GUO a/k/a MILES KWOK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JIANBIN YUAN, an individual,<br><br>Defendant,<br>_____<br><br>JIANBIN YUAN, an individual, and MEITAO EXPRESS MAIL, a California Corporation,<br><br>Counter-Claimants,<br><br>vs.<br><br>WENGUI GUO, a/k/a MILES KWOK, an individual,<br><br>Counter-Defendant. | Case No. 2:18-cv-02276-SVW(JCx)<br><br>**PLAINTIFF'S BRIEF RE: STANDING/SUBJECT MATTER JURISDICTION**<br><br>**Date:** August 20, 2018<br>**Time:** 1:30 p.m.<br>**Courtroom:** 10A<br><br>**Trial:** Not Set |

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………………iii

Preliminary Statement……………………………………………………………….1

Legal Argument……………………………………………………………………...1

I.    Plaintiff Guo has Standing to Bring this Claim in the Central District of California………..……………………………………………………………….1

II.   As a Foreign Citizen Seeking Asylum in the United States, Plaintiff is Diverse Party for the Purpose of Diversity Jurisdiction and the Court Has Original Jurisdiction Over this Matter…………..…………………………….5

Conclusion …………………………………………………………………………..8

# Table of Authorities

**Cases:**

*Elk Grove Unified School Dist. v. Newdow,* 542 US 1, 12, 124 S.Ct. 2301, 2310 (2004)……………………………………………………………………………….2,3

*Garcia v. Sessions*, 873 F.3d 553, 556 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 2648 (2018)……………………………………………..…………………………....…6,7

*Gladstone Realtors v. Village of Bellwood*, 441 US 91, 99 (1979)……………1,2,3

*Hagl v. Jacob Stern & Sons, Inc.*, 396 F. Supp. 779, 782 (E.D. Pa. 1975)…....5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 US 118, 134 S.Ct. 1377 (2014)…………………………………………………………………………..2

*Lincoln Property Co. v. Roche* 546 U.S. 81, 89 (2005)…………...……………5

*Lujan v. Defenders of Wildlife,* 504 US 555, 560, 112 S.Ct. 2130, 2136 (1992)…4

*Maya v. Centex Corp*., 658 F.3d 1060, 1069-1072 (9th Cir. 2011)………………4

*Mejia v. Sessions*, 866 F.3d 573, 583-84 (4th Cir. 2017)……………..….….….6

*Pacific Alliance Asia Opportunity Fund, L.P., v. Kwok*, t
Appellate Division, First Department of New York, Index #: 652077/17…….....6

*Spokeo, Inc. v. Robins,* __ US __, 136 S.Ct. 1540, 1547 (2016)…………..…….2,3

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 US 464, 474-475, 102 S.Ct. 752, 759-760 (1982)……………..3

*Village of Arlington Heights v. Metropolitan Housing Develop. Corp.,* 429 US 252, 262-264, 97 S.Ct. 555 (1977)……………………………………3,4

**Statutes:**
28 *U.S.C.* § 1332………………………………………..…………………………..5

*Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions* (March 2018 Update)……………………………………………1

# PRELIMINARY STATEMENT

Plaintiff Guo is a political dissident living at 751 Fifth Avenue, in New York, New York applying for asylum. During the initial status conference, the court inquired as to Plaintiff's standing and the court's jurisdiction to hear this matter. As will be addressed in detail below, Plaintiff has standing to bring this claim in the Central District of California and this court has original jurisdiction of the matter pursuant to 28 *U.S.C.* § 1332. Plaintiff has pleaded a wholly justiciable claim for relief.

# LEGAL ARGUMENT

### I. Plaintiff Guo has Standing to Bring this Claim in the Central District of California

This is not a case where standing is problematic. Plaintiff is not attempting to assert rights of third parties, to obtain redress on behalf of a group or of some non-specific problem, or to obtain redress for some intangible injury. This is a simple tort case. As one treatise has said, "establishing standing is not a problem in tort and contract cases; i.e., the allegations of loss or damage necessary to state a tort or contract claim establish the injured party's standing to sue." Judge Beverly Reid O'Connell and Judge Karen L. Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions* (March 2018 Update), ¶ 4:4281.

The doctrine of standing is comprised both of constitutional or "Article III" requirements and of "prudential considerations." *Gladstone Realtors v. Village of*

*Bellwood*, 441 US 91, 99 (1979). Article III, of the United States Constitution, requires that there be "a case or controversy" within the meaning of Article III. The plaintiff must show the following as an "irreducible minimum:" (a) injury in fact, *i.e.*, an "injury in fact" that is concrete and particularized, actual or imminent, and not hypothetical or conjectural; (b) causation, i.e., a causal connection between the injury and defendant's conduct or omissions; and (c) redressability, i.e., a likelihood that the injury will be redressed by a favorable decision. *Spokeo, Inc. v. Robins,* __ US __, 136 S.Ct. 1540, 1547 (2016).

In addition, "prudential considerations" require that the claim must relate to plaintiff's own legal rights and interests, rather than the legal rights or interests of third parties. *Elk Grove Unified School Dist. v. Newdow,* 542 US 1, 12, 124 S.Ct. 2301, 2310 (2004), *abrogated on other grounds*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 US 118, 134 S.Ct. 1377 (2014). The United States Supreme Court spoke to the "prudential considerations" in *Newdow*, saying,

> "[W]e have explained that prudential standing encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked. Without such limitations—closely related to Art. III concerns but essentially matters of judicial self-governance—the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though

> judicial intervention may be unnecessary to protect individual rights."

*Ibid.* (internal citations omitted).

Thus, the injury complained of must be individualized or confined to a discrete group; i.e., courts will not adjudicate "abstract questions of wide public significance" amounting only to "generalized grievances." *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 US 464, 474-475, 102 S.Ct. 752, 759-760 (1982). "[A] litigant normally must assert an injury that is peculiar to himself or to a distinct group of which he is a part, rather than one shared in substantially equal measure by all or a large class of citizens. He also must assert his own legal interests rather than those of third parties". *Gladstone Realtors*, *supra*, 441 US at 100 (internal citations omitted).

In the instant matter, the prudential standing requirements are clearly met. The Complaint alleges defamation, intentional infliction of emotional distress, and intentional interference with prospective economic advantage. The claims all relate solely to Plaintiff's own legal rights and interests.

As to Article III standing, Plaintiff easily satisfies the requirements. First, injury in fact is an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent", "not conjectural or hypothetical." *Spokeo*, *supra*, 136 S.Ct. at 1548. This requirement of standing is satisfied by allegations of economic *or noneconomic* injury. *See e.g*., *Village of Arlington*

*Heights v. Metropolitan Housing Develop. Corp.,* 429 US 252, 262-264, 97 S.Ct. 555 (1977); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1069-1072 (9th Cir. 2011). Plaintiff's injuries in this matter, consisting of injury to his reputation, damage to his chances of obtaining asylum, and loss of business as a result of the libelous statements, are "concrete and particularized", "actual or imminent", and "not conjectural or hypothetical".

Second, the *"causal connection"* requirement means that plaintiff's claimed injury must be "traceable" to defendant's acts or omissions, *i.e.*, the injury must not be "… th[e] result [of] the independent action of some third party not before the court.". *Lujan v. Defenders of Wildlife,* 504 US 555, 560, 112 S.Ct. 2130, 2136 (1992) (internal citation omitted). Here, Defendant made defamatory statements that directly injured Plaintiff. These defamatory statements are a direct cause of Plaintiff's injury, thus satisfying the second prong of this test.

Third, there must be a substantial likelihood that the relief sought, if granted, will redress the injury is clearly satisfied. The relief sought for the four causes of action – retraction and apology, damages, and injunctive relief – would certainly redress the injuries.

Thus, the constitutional standing requirement is satisfied. They are satisfied as to each of the four claims alleged. Accordingly, there is no question that Plaintiff has standing to sue for the claims in the Complaint.

## II. As a Foreign Citizen Seeking Asylum in the United States, Plaintiff is Diverse Party for the Purpose of Diversity Jurisdiction and the Court Has Original Jurisdiction Over this Matter

"Article III, Section 2 of the Constitution in defining the diversity jurisdiction of federal courts includes cases and controversies between United States citizens 'and foreign States, Citizens or Subjects." This is codified in 28 U.S.C. § 1332(a)(1) and (2). Jurisdiction is given of all civil actions between…citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). *Lincoln Property Co. v. Roche* 546 U.S. 81, 89 (2005). Jurisdiction also is given to federal district courts of all civil actions "between…citizens of a State and … subjects of a foreign state" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2). Thus, an alien may sue any United States citizen, whether both are domiciled in the same state or not. *Hagl v. Jacob Stern & Sons, Inc.*, 396 F. Supp. 779, 782 (E.D. Pa. 1975).

The court has original jurisdiction over this matter as Plaintiff, a foreign citizen and resident of New York is suing Defendant, who is a citizen of California, and the amount in controversy is over $75,000. The Complaint sets forth that Plaintiff is "an individual residing in the County of New York, State of New York." (Complaint at ¶ 19). The Complaint alleges throughout that Plaintiff is a political dissident seeking asylum in the United States. The Complaint also sets forth that Plaintiff believed Defendant to be "a citizen of the state of California." (Complaint at ¶ 20). Defendant's Answer *admits* that Defendant is a citizen of

California. (Answer at ¶ 20). Defendant's Third-Party Complaint also sets forth that Defendant is a resident of California. (Counterclaim and Third-Party Complaint at ¶ 2). Defendant's Third-Party Complaint also sets forth that Defendant is the owner and CEO of Meitao, a California corporation residing in Los Angeles County. (Counterclaim and Third-Party Complaint at ¶ 3-4). As such, complete diversity exists between the parties and this court has original jurisdiction over the matter.

Furthermore, a court has already found that the United States is a proper venue for Plaintiff to be sued. In *Pacific Alliance Asia Opportunity Fund, L.P., v. Kwok*, the Appellate Division, First Department of New York, found that New York was not an inconvenient forum for Mr. Guo.[1] While a New York state court decision is not precedential upon this court, basic principles of equity require that if the United States is appropriate forum for Mr. Guo to be sued, the United States should be the appropriate forum for him to bring suit. As argued *supra*, Plaintiff has met the constitutional requirements for both standing and diversity jurisdiction and should not be turned away from this court.

In the alternative, should the Court find that Plaintiff is not a foreign citizen, the Court would still retain jurisdiction of this matter. Every circuit court in the United States recognizes that an alien physically present in the United States has the right to apply for asylum, despite the government's objections. *Garcia v.*

---

[1] Plaintiff in the instant matter was defendant in the Pacific Alliance Asia Opportunity Fund matter. A copy of the

6
PLAINTIFF'S BRIEF IN SUPPORT OF JURISDICTION AND STANDING

*Sessions*, 873 F.3d 553, 556 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 2648 (2018); *see also Mejia v. Sessions*, 866 F.3d 573, 583-84 (4th Cir. 2017). In *Garcia*, the Seventh Circuit found that the Plaintiff had been denied the right to apply for asylum and even though asylum is discretionary, the denial of the right to apply is a sufficient injury-in-fact under Article III of the Constitution. *Garcia*, *supra*, 873 F.3d at 556.

The courts' recognition that an alien has the right to sue the government (an entity which enjoys sovereign immunity) to apply for the right to have a discretionary decision made about their asylum status, surely paves the way for Plaintiff in the instant matter to have access to the courts to seek redress of actual harm. Sovereign immunity is not easily defeated. If the courts are available to aliens suing the government, a private cause of action between the Plaintiff and his tortfeasor should be allowed.

---

order is attached to this Brief as Exhibit "A".

# CONCLUSION

For the reasons set forth above, Plaintiff has standing to bring this action and the court has original jurisdiction to hear this matter. Plaintiff's claims are justiciable and the matter should be permitted to move forward.

Dated: August 10, 2018

                            LAW OFFICE OF NEIL M. SUNKIN
                            A Professional Corporation

                            By:   <u>Neil M. Sunkin</u>
                                      Neil M. Sunkin

                            And

                            **COHEN AND HOWARD LLP**

                            *Attorneys for Plaintiff and Counter-Defendant*
                            *WENGUI GUO a/k/a MILES KWOK*

**PROOF OF SERVICE BY MAIL ON THIRD PARTY IN PRO PER**

I am employed in the in the County of Los Angeles, State of California; over the age of 18 and not a party to this action.  My current business address is 22908 Gershwin Drive, Woodland Hills, CA 91364

On August 10, 2018, I served the foregoing documents(s) **PLAINTIFF'S BRIEF RE: STANDING/SUBJECT MATTER JURISDICTION (with Exhibit A)** on the third party defendant as follows by placing true copies thereof in sealed envelope(s) addressed as follows:

Dinggang Wang
6589 Mermaid Circle
Las Vegas, NV 89103

I placed the envelope(s) with postage thereon fully prepaid in the United States mail at Woodland Hills, California.

Allo other appearing parties are served electronically through CM/ECF

Executed on August 10, 2018, at Woodland Hills, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Neil M. Sunkin

**NEIL M. SUNKIN**