UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-02276-SVW-JC | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Wengui Guo v. Jianbin Yuan*      JS-6 | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**      IN CHAMBERS ORDER DISMISSING THIS ACTION IN ITS ENTIRETY *SUA SPONTE* FOR LACK OF SUBJECT-MATTER JURISDICTION

### I.   Introduction

On August 6, 2018, this Court instructed the parties to file briefs regarding the basis of the Court's jurisdiction. Dkt. 41. After reviewing the briefs, the Court concludes that it lacks subject-matter jurisdiction as to all claims presently before the Court.

### II.   Subject-Matter Jurisdiction

#### A.   Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The plaintiff always bears the burden of establishing that federal jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd* 56 F.3d. 1177, 1179 (9th Cir. 1995). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The proponent of subject-matter jurisdiction must establish its existence by a preponderance of the evidence. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Federal courts are authorized to dismiss cases *sua sponte* for lack of subject-matter jurisdiction and are "under a continuing duty to dismiss an action whenever it appears

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02276-SVW-JC | Date | August 22, 2018 |
|---|---|---|---|

| Title | *Wengui Guo v. Jianbin Yuan* |
|---|---|

that [they] lack[] jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

    **B.**    **Federal-Question Jurisdiction**

Federal courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004).

Neither Plaintiff Wengui Guo's complaint nor Defendant/Counterclaimant/Third-Party Plaintiff Jianbin Yuan's ("Yuan") counterclaims or third-party complaint presents a federal question. Plaintiff's complaint asserts state-law causes of action for defamation, intentional infliction of emotional distress, and intentional interference with a prospective economic advantage. Dkt. 1, 24–28. Yuan's counterclaim and third-party complaint assert the same causes of action. Dkt. 11, 26–30.

    **C.**    **Diversity Jurisdiction**

Under 28 U.S.C. § 1332(a), federal courts have diversity jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States [or] citizens of a State and citizens or subjects of a foreign state." However, there exists no diversity "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). Lastly, there must be "complete diversity," such that no plaintiff is a citizen of the same state as any defendant. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005).

        *1.*    *Plaintiff's Claims*

There exists no diversity jurisdiction where both parties are foreign citizens. Under the United States Constitution, at least one of the parties must be a citizen of a state or a state itself. *Hodgson v. Bowerbank*, 5 Cranch 303 (1809). Thus, where one party is a foreign citizen, the opposing party must be

                                                                                 :

Initials of Preparer         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02276-SVW-JC | Date | August 22, 2018 |
|---|---|---|---|

| Title | *Wengui Guo v. Jianbin Yuan* |
|---|---|

a United States citizen and also a citizen of an individual state. *Jackson v. Twentyman*, 27 U.S. 136 (1829). In practice, this means that "the Constitution does not supply jurisdiction to Article III courts in suits between aliens . . . ." *Yokeno v. Sekiguchi*, 754 F.3d 649, 657 (9th Cir. 2014).

Here, both Plaintiff and Yuan are citizens of China. Plaintiff is a Chinese political dissident living in New York while he seeks asylum in the United States. Dkt. 1, ¶¶ 2, 15; Dkt. 42 at 5. Plaintiff does not claim to be a citizen of the United States. Similarly, Defendant declares himself to be a Chinese citizen, not a United States citizen, residing in California as a lawful permanent resident holding a "U.S. green card."[1] Dkt. 43, Decl. of Jianbin Yuan, ¶¶ 3, 5–6, 8. Because both Plaintiff and Yuan are foreign citizens and not citizens of the United States, the Court does not have subject-matter jurisdiction over Plaintiff's claims.

> 2. *Yuan's Counterclaims and Third-Party Complaint*

All claims, including counterclaims and third-party claims, must have an independent basis for subject-matter jurisdiction. *See, e.g.*, Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1414 (3d ed.); 1 Fed. Rules Civ. Proc., Rules and Commentary, Rule 14. That is, if there is no subject-matter jurisdiction over a plaintiff's claims, then there is no subject-matter jurisdiction over counterclaims or third-party claims that lack an independent basis for jurisdiction. Thus, the last issue to consider is whether an independent basis for subject-matter jurisdiction exists for Yuan's counterclaims and third-party complaint.

Under 28 U.S.C. § 1332(a)(3), diversity exists between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." Thus, generally, if diversity jurisdiction exists, the additional presence of foreign citizens does not destroy diversity. Yuan contends that, under this provision, his counterclaims and third-party complaint are distinguishable from Plaintiff's claims because they are asserted against third-party defendants, some of whom are United States citizens, in addition to Plaintiff. Dkt. 43 at 3–4. For example, Yuan declares that Third-Party Defendant Meitao

---

[1] Contrary to Plaintiff's contention, the fact that Defendant's Answer purports to admit that Defendant is a "citizen" of the State of California, Dkt. 11, ¶ 17, is not dispositive of Defendant's citizenship for the purpose of diversity jurisdiction. As noted above, Defendant subsequently clarified in a declaration that, although he currently resides in California, he is not a citizen of the United States.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02276-SVW-JC | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Wengui Guo v. Jianbin Yuan* | | |

Express Mail is a citizen of California because it is a California corporation and its principal place of business is located in California, that Third-Party Defendant Baosheng Guo is a United States citizen and now resides in Virginia, and that Third-Party Defendant Ziyin Huang is a United States citizen and now resides in New Jersey. Dkt. 43, Decl. of Jianbin Yuan, ¶¶ 9–13.

However, Yuan's analysis fails to account for 28 U.S.C. § 1332(a)(2), under which there exists no diversity "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Yuan has declared both that Third-Party Defendant Meitao Express Mail is a citizen of California, and that Yuan himself is a Chinese citizen residing in California as a lawful permanent resident. Under the plain text of the statute, then, there is no diversity between Third-Party Defendant Meitao Express Mail and Yuan. Thus, the requirement of complete diversity is not satisfied as between Yuan, on the one hand, and Plaintiff and the Third-Party Defendants, on the other hand.

### III.   Conclusion

For the foregoing reasons, the Court concludes that neither Plaintiff nor Yuan (as Counterclaimant and Third-Party Plaintiff) has satisfied his burden of establishing that federal jurisdiction is proper as to his respective claims. The Court DISMISSES Plaintiff's claims with prejudice and DISMISSES Yuan's counterclaims and third-party complaint without prejudice.

IT IS SO ORDERED.

_____ : _____
Initials of Preparer
PMC