Aaron A. Mitchell (Pro Hac Vice)
COHEN AND HOWARD, LLP
766 Shrewsbury Avenue, Suite 200
Tinton Falls, N.J. 07724
Phone: (732) 747-5202
Fax: (732) 747-5529
Email: amitchell@cohenandhoward.com

Neil M. Sunkin (Cal. Bar No. 153868)
LAW OFFICE OF NEIL M. SUNKIN
A Professional Corporation
22908 Gershwin Dr.
Woodland Hills, CA 91364
Phone: (818) 876-9975
Fax: N/A
Email: nms@sunkinlaw.com

*Attorney for Plaintiff and Counter-Defendant*
*WENGUI GUO a/k/a MILES KWOK*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENGUI GUO a/k/a MILES KWOK, an individual,<br>        Plaintiff,<br><br>vs.<br><br>JIANBIN YUAN, an individual,<br>        Defendant,<br>_____<br><br>JIANBIN YUAN, an individual, and MEITAO EXPRESS MAIL, a California Corporation,<br><br>                Counter-Claimants,<br><br>vs.<br><br>WENGUI GUO, a/k/a MILES KWOK, an individual,<br>                Counter-Defendant. | Case No. 2:18-cv-02276-SVW(JCx)<br><br>**COUNTER-DEFENDANT WENGUI GUO'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:** January 7, 2019<br>**Time:** 1:30 p.m.<br>**Courtroom:** 10A<br><br>**Trial:** Not Set |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS-OF-RECORD:

Please take notice that on January 7, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Stephen V. Wilson, in the Courtroom 10A located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff, Wengui Guo aka Miles Kwok ("Guo"), will and hereby does, move for an order for a judgment on the pleadings on Counter-Claimant Meitao Express Mail's ("Meitao") First, Second, Third, and Fourth Causes of Action in the Counterclaim and on Counter-Claimant Jianbin Yuan's ("Yuan") Fourth Cause of Action in the Counterclaim.

The grounds for this motion are that Meitao's First, Second, Third and Fourth Causes of Action do not state claims upon which relief can be granted, and neither does Yuan's Fourth Cause of Action. Specifically, as to Meitao's First and Second purported causes of action, denominated "Defamation Per Se" and "Defamation Per Quod", respectively, no defamatory statements are alleged to have been published about Meitao. As to Meitao's Third purported cause of action, denominated "Intentional Infliction of Emotional Distress", Meitao, a corporation, cannot have suffered "severe emotional distress", and even if a corporation could suffer emotional distress, there are no allegations of conduct, extreme or otherwise, directed against Meitao. As to Meitao's Fourth purported cause of action, entitled "Intentional Interference with Prospective Economic Relations", there is no allegation that Guo engaged in any conduct intended to disrupt Meitao's prospective economic relations or that Guo knew of the prospective economic relationship between Meitao and a third party. Additionally, as to Yuan's purported Fourth Cause, there are no allegations (a) of a prospective economic relationship between Yuan and a third party, (b) interference with such a relationship, or (c) damage to Yuan, individually, caused by interference with such a relationship (or

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

by the interference with Meitao's economic relationship with a third party).

This motion will be based on this notice, the attached Memorandum of Points and Authorities, the pleadings, orders, and other papers on file in this action, as to which the Court is requested to take judicial notice, as well as such argument and further evidence as may be permitted at the hearing on this motion.

## MEETING OF COUNSEL

At the status conference on October 29, 2018, the Court ordered the filing of the instant motion. Further, on that date prior to the status conference, counsel for the parties had met and conferred regarding this motion.

Dated: November 30, 2018

> LAW OFFICE OF NEIL M. SUNKIN
> A Professional Corporation
> By:    s/Neil M. Sunkin
>        Neil M. Sunkin
> And
>
> **COHEN AND HOWARD LLP**
>
> *Attorneys for Plaintiff WENGUI GUO a/k/a MILES KWOK*

# **TABLE OF CONTENTS**

1.   Introduction and Summary of Argument   …………………………   1

2.   Relevant Allegations …………………………………………………   3

3.   Standards for Motions for Judgment on the Pleadings  ………………   5

4.   Meitao's Purported Counterclaim Does Not State Claims for Relief …   6

   A.   Defamation……………………………………………………   6

   B.   Intentional Infliction of Emotional Distress……………………...   7

   C.   Intentional Interference with Prospective Economic Relations  …  8

5.   Yuan Fails to State a Claim for Intentional Interference with Prospective
     Economic Relations as to Him Individually ……………………………   9

6.   Conclusion ………………………………………………………………..   11

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ..................................................................... 6, 8

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 ........................................................ 6

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.* (9th Cir. 2011) 637 F.3d 1047 ........ 5

*Chavez v. United States* (9th Cir. 2012) 683 F.3d 1102 ...................................... 5, 8, 9

*Curry v. Baca* (C. D. Cal. 2007) 497 F.Supp.2d 1128 .............................................. 2, 6

*Erickson v. Boston Scientific Corp.* (C.D. Cal 2011) 846 F.Supp.2d 1085 .................... 6

*Fleming v. Pickard* (9th Cir. 2009) 581 F.3d 922 ...................................................... 5

*Flora v. Home Fed. Sav. & Loan Ass'n* (7th Cir. 1982) 685 F2d 209 ........................... 2

*Grenier v. Taylor* (2015) 234 Cal.App.4th 471 ......................................................... 6

*Hughes v. Pair* (2009) 46 Cal.4th 1035 ................................................................... 7

*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134 ........................... 8

*Miller v. McColgan* (1941) 17 Cal.2d 432 ............................................................... 10

*New York Times v. Sullivan* (1964) 376 U.S. 254, 11 L.Ed.2d 686 ............................... 7

*Partnoy v. Shelley* (S.D. Cal. 2003) 277 F.Supp.2d 1064 ........................................... 2

*Ross v. U.S. Bank Nat'l Ass'n.* (N.D. Cal. 2008) 542 F.Supp.2d 1014 .......................... 6

*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2 Cal.5th 50 ............ 8

*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212 ...................... 8, 10

*Strigliabotti v. Franklin Resources, Inc.* (N.D. Cal. 2005) 398 F.Supp.2d 1094 .............. 6

**Rules**

Federal Rule of Civil Procedure Rule 12(c) ............................................................ 5, 6

Federal Rule of Civil Procedure, Rule 12(b)(6) ......................................................... 5

**Treatises**

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES



5 Witkin, *Summary of California Law, Torts* .................................................................................. 9

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.   Introduction and Summary of Argument.**

The Court should dismiss the counterclaims here because they allege no federal law claims. The counterclaims allege no federal law claims because in reality this is a defamation case between two citizens of China, with claims for intentional infliction of emotional distress and intentional interference with prospective business relations thrown in.

This case started as a Complaint by Guo against Yuan, which the court dismissed for lack of federal subject matter jurisdiction.[1] If Guo and Yuan were the only two parties to the Counterclaim there would be no diversity of citizenship and thus no federal subject matter jurisdiction. In an apparent effort to create a basis for subject matter jurisdiction where none exists, Meitao, a California corporation, is joined as a Counter-claimant. However, Meitao's purported claims all fail to state facts upon which relief can be granted.

All of Meitao's (and Yuan's) purported counterclaims are based on the theory that Guo allegedly made defamatory statements. But *the counterclaims do not allege any defamatory statements about Meitao*. The counterclaims state – repeatedly – that the alleged defamation was about and directed to Yuan, not Meitao. Indeed, at the status conference on October 29, *Yuan and Meitao admitted that none of the defamatory statements were about Meitao*.

Thus, Meitao cannot state a defamation claim, because there are admittedly no defamatory statements about it. Likewise, because Meitao relies on this same conduct – alleged defamatory statements about Yuan – to support its claim for

---

[1] *See*, August 22, 2018 Order Dismissing Case for Lack of Subject Matter Jurisdiction. (Document No. 45).

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

intentional interference with prospective economic relations, those claims must fail. And since corporations do not have "emotions," Meitao cannot allege a claim which requires it suffer "severe emotional distress." All of Meitao's four purported causes of action fail as a matter of law.

Further, as shown below, Yuan's claim for intentional interference with prospective economic relationship must fail because the "prospective economic relations" allegedly interfered with was a purported potential investment in Meitao, not Yuan. The counterclaims allege an unidentified Canadian investor terminated an investment contract with Meitao as a result of the defamatory statements about Yuan. Thus, this "prospective economic relationship" would have been Meitao's -- not Yuan's. It matters not that Yuan is a shareholder or CEO of Meitao. Therefore, Yuan has no claim for intentional interference with prospective economic relations.[2]

_____

[2] If the Court enters judgment in favor of Guo against Meitao on Meitao's Counterclaim, only Yuan's Counterclaim against Guo would remain of the Counterclaim, and the Court previously determined there is no federal subject matter jurisdiction as between Guo and Yuan. The only reason the Counterclaim was not previously dismissed is that diversity jurisdiction was based on the presence of Meitao as a Counter-claimant. Thus, if Meitao's claims against Guo are dismissed, the parties remaining on the Counterclaim would both be non-U.S. citizens (Yuan and Guo) and there will be no basis for federal subject matter jurisdiction for the Counterclaim. The entire Counterclaim can be dismissed.

Meitao's claims against the Third-Party Defendants are defective and subject to dismissal for the same reasons as the counterclaims against Guo. The Court has discretion to grant dismissal of the action or enter judgment. *Curry v. Baca* (C. D. Cal. 2007) 497 F.Supp.2d 1128, 1131. And of course, the Court can raise the legal sufficiency of a complaint *sua sponte* and enter judgment accordingly. *Flora v. Home Fed. Sav. & Loan Ass'n* (7th Cir. 1982) 685 F2d 209, 212; *Partnoy v. Shelley* (S.D. Cal. 2003) 277 F.Supp.2d 1064, 1089. If Meitao's claims against the Third-Party Defendants are either dismissed or disposed of by judgment against Meitao, only Yuan, a non-U.S. citizen would have claims against the Third-Party Defendants. Notably, the "Third Party Complaint" does not allege the citizenship of any of the Third-Party Defendant, only their residence is alleged. It is likely that *none* of the Third-Party Defendants are U.S. citizens. If it is the case that none of the Third-Party Defendants are U.S. citizens, there would be

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

**2.**     <u>**Relevant Allegations**</u>.

Yuan is an individual residing in Los Angeles County and Meitao "is a California corporation" that was "incorporated in 2014". (Counterclaim, ¶¶ 2-3). Yuan is the "owner" and CEO of the corporation. (*Id.*, ¶ 4).

Counter-claimant alleges that Yuan is a pro-democracy activist active on the internet and Guo is a well-known Chinese businessman. (*Id.*, ¶¶ 18 and 19).

Counter-claimant alleges Third-Party Defendants, Sara, Lude, Baosheng, Huang, Zeng and Ai "are all Guo's followers and supporters". (*Id.*, ¶ 23). While the Counterclaim makes the *conclusory* allegation that "Guo and Third-Party Defendants made false and defamatory allegations about Yuan and his business", the *facts* alleged show that the defamatory statements are not about Yuan's business, but only about Yuan (*id.*, ¶ 32), as Counterclaimant's counsel told the Court on October 29.

In the general allegations in the Counterclaim, the following is alleged: "On February 7, February 8 and February 10, 2018, Guo posted three videos. In the February 7 video, he called Yuan a "rogue" and "traitor." In the February 8 video, he called Yuan a "liar," "conman," "scumbag" and  in the February video, he called Yuan a "rogue" and spy of a Chinese political group and stated that Yuan has been working with other traitors and helping Yun Ma, one of the most successful businessmen in China, to hide Ma's mistress and child born out of wedlock in Los Angeles." (*Id.,* ¶37). "On or about March 21, 2018, Guo posted another video. In the video, Guo stated that Yuan "is a drug addict." (*Id.*, ¶ 41).

The general allegations in the Counterclaim also allege that the Third-party

---

no U.S. citizens who are parties to the Third-Party Complaint, and thus no federal subject matter jurisdiction.

Defendants made purported defamatory statements at Guo's direction. But again, not one is about Meitao. Third-Party defendant Lude hosted interviews via 'Free China Voice', wherein a guest "stated Yuan was a conman, drug addict and spy of the Chinese government" and another guest "stated that Yuan detained him in a warehouse in Delaware, refused to pay his salaries, and defrauded and lied to him (*id.*, ¶¶ 33 and 34); Third-Party Defendant Huang stated that Yuan had solicited a third person to batter another person (*id.,* ¶ 35); Third-Party Defendants Zhanng and Ai "described Yuan as a liar, fake government petitioner, spy of Chinese government, and disrupter" (*id.*, ¶ 36); third-party defendant Zeng "stated…. Yuan "used fake materials to frame Guo, and is full of lies" (*id.*, ¶ 38); and Third-Party Defendant Baoshaneng "described Yuan as an unscrupulous businessman and stated that Yuan was working with a fake asylum attorney" and "stated Yuan Jianbin … his heart is black as coal" (*id.*, ¶ 39). Not a single allegation refers to any specific defamatory statement about Meitao.

Further, the paragraphs following the headings of the purported causes of action, also only allege defamatory statements about Yuan. In the "defamation per se" claim, the following is alleged (emphasis supplied):

47.   Guo and Third-party Defendants made statements that *Yuan* was a liar, conman, drug addict, unscrupulous businessman, and spy of Chinese government.

48.   The statements *charged Yuan* with drug abuse and unlawful detainer and tended directly *to injure Yuan* in respect to *his profession, trade, or business* by calling *him* an unscrupulous businessman and spy of Chinese government.

***

50.   *People* who heard or read the statements reasonably *understood* that *the statements were about Yuan because Yuan's name was expressly mentioned* in the statements.

The allegations in the "defamation per quod" claim are identical. (Counterclaim, ¶¶ 58-59, and 60). There are no defamatory statements about Meitao.

As to allegations of "prospective economic relationship" that was interfered with, the Counterclaim alleges that:

> "Meitao and a Canadian company executed an investment agreement, under which the Canadian company would make a fifty-million investment in Meitao. However, because of Guo and Third-party Defendants' false and defamatory statements and constant harassments and threats, the Canadian company terminated the investment agreement, and Meitao did not receive any money.
>
> Because of Guo and Third-party Defendants' false and defamatory statements, Meitao's revenue dropped significantly, and its franchisees withdrew from the franchise agreements. In or about 2018, Meitao had to close all stores due to loss of business."

(*Id.*, ¶¶44 and 45). There's not a single allegation of any business relationship between Yuan as an individual and a third party that was interfered with.

## 3. Standards for Motions for Judgment on the Pleadings.

The standard applied on a motion under Federal Rule of Civil Procedure Rule 12(c) motion is essentially the same as that applied for Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard* (9th Cir. 2009) 581 F.3d 922, 925. Rule 12(c) motions are "functionally identical" to Rule 12(b)(b)(6) motions and the same standards apply. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.* (9th Cir. 2011) 637 F.3d 1047, 1054, fn. 4. As with Rule 12(b)(6) motions, the court accepts as true only factual allegations. *Fleming* at *id.*; *Chavez v. United States* (9th Cir. 2012) 683 F.3d 1102, 1108-1109. "Mere conclusory statements in a complaint and

'formulaic recitation[s] of the elements of a cause of action' are not sufficient." *Chavez* at *id.*, citing *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 679, *quoting Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555. "Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Chavez* at *id.*, citing *Iqbal* at 678. "Threadbare recitals of a cause of action's elements" are not accepted as true. *Erickson v. Boston Scientific Corp.* (C.D. Cal 2011) 846 F.Supp.2d 1085, 1090, *citing Twombly* at 556.

While Rule 12(c) does not specifically refer to a motion for judgment on the pleadings directed to less than the entire complaint or answer, it is common to permit "partial" judgment on the pleadings, and that is the practice followed in the District Courts in California, including the Central District. *See*, *Curry, supra.* at 1131; *Ross v. U.S. Bank Nat'l Ass'n.* (N.D. Cal. 2008) 542 F.Supp.2d 1014, 1023; *Strigliabotti v. Franklin Resources, Inc.* (N.D. Cal. 2005) 398 F.Supp.2d 1094, 1097.

**4.      Meitao's Purported Counterclaim Does Not State Claims for Relief.**

    **A.      Defamation.**

Defamation consists of the intentional publication of a statement that is false, unprivileged, and has a natural tendency to injure or that causes special damage." *Grenier v. Taylor* (2015) 234 Cal.App.4th 471, 486. And where a plaintiff (or counter-claimant, as the case may be) is a public figure, he must also establish by clear and convincing evidence that the statement was made with actual malice – that is, with knowledge it was false or with reckless disregard of whether it was false or not. *E.g., New York Times v. Sullivan* (1964) 376 U.S. 254, 285-286,

11 L.Ed.2d 686, 706-707.[3]  The alleged defamatory statement must concern plaintiff. *E.g.*, 5 Witkin, *Summary of California Law, Torts* §§ 531-534, 555; Rest.2d Torts § 559. As shown above, no allegation of any defamatory statement is made about Meitao in the Counterclaim. Accordingly, Meitao fails to the purported First and Second Causes of Action against Guo, or any other party or that matter.

### B.    Intentional Infliction of Emotional Distress.

The elements of a claim for intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress, and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050.

First, the conduct which the Counterclaim alleges is "extreme and outrageous" and intended to cause harm is the defamatory statements. (Counterclaim, ¶¶ 67, 68). As shown above, there's not a single defamatory statement about Meitao – all are alleged to be about Yuan only. Also, Guo and Third-Party Defendants purportedly "incited their supporters to harass and threaten Yuan" – again *not Meitao.* (Id., ¶ 69).  No allegations of any extreme and outrageous conduct are directed to Meitao.

As to the element of severe emotional distress, the Counterclaim alleges, "Yuan has suffered severe emotional distress" (Counterclaim, ¶ 70) and the alleged conduct was "in conscious disregard of Yuan' rights", ...." (*Id.,* ¶ 71). There is no allegation that Meitao has suffered "emotional distress", let alone "severe emotional distress". A corporation has no "emotions" and cannot suffer "severe

---

[3] Recognizing this, the Counterclaim purports to allege this element. (*See*, Counterclaim, ¶¶ 52 and 62).

emotional distress" a necessary element required to prove the cause of action. Accordingly, Meitao fails to state the purported Third Cause of Action against Guo, or any other party for that matter.

### C.      Intentional Interference with Prospective Economic Relations.

To establish a prima facie case of intentional interference with prospective economic advantage, a plaintiff must demonstrate: (1) an economic relationship between the plaintiff and a third party, with a probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of this relationship; (3) intentional and wrongful conduct on the part of the defendant, designed to interfere with or disrupt the relationship; (4) actual disruption or interference; and (5) economic harm to the plaintiff as a proximate result of the defendant's wrongful conduct. *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2 Cal.5th 505, 512; *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 241, *citing*, *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1153-1154.

As shown above, the Counterclaim alleges that alleged defamatory statements *about Yuan* and harassment and threats *of and to Yuan* led an unidentified Canadian investor to terminate an agreement to invest in Meitao.[4] The Counterclaim alleges: "Because of Guo and Third-party Defendants' false and defamatory statements and constant harassment and threats, the Canadian company terminated the investment agreement". (Counterclaim, ¶ 77). Yet as shown above,

---

[4] It is telling that Counter-claimants fail to identify the alleged investor. If there were an Investment Agreement, as alleged, the identity of the "investor" would be readily available to Yuan and Meitao. Further, if an investment agreement for $50 Million existed, as alleged, it is not plausible that it could have been terminated simply because someone allegedly said something derogatory about an officer of Meitao. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal, supra.* at 679, and this applies to motions under Rule 12(c). *Chavez, supra.* at 1108.

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

the alleged defamatory statements were made about Yuan, not Meitao. Moreover, this is conceded in the fourth purported cause of action, which specifically alleges that: "Guo and Third-Party Defendants made false and defamatory statements *regarding Yuan*, owner and CEO of Meitao" and "Guo and Third-party Defendants "incited their supporters to *harass and threaten Yuan*" (Counterclaim, ¶ 75). There is no *factual* allegation of any conduct directed to Meitao; the wrongful conduct is directed to Yuan.

Additionally, although the Counterclaim makes a conclusory allegation that "Guo and Third-Party Defendants knew of the relationship", this allegation is not factual and is therefore not credited as being true or sufficient, as shown in the authorities discussed above. *E.g.*, *Chavez, supra.* at *id.* ("Mere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient."). There are no factual allegations that Guo (or the Third-Party Defendants for that matter) knew of the relationship between Meitao and the unidentified Canadian company. Indeed, there is no factual allegation that Guo even knew that Yuan owned Meitao or that Meitao even existed.

Accordingly, Meitao fails to state the purported Fourth Cause of Action against Guo, or anyone.

## 5. Yuan Fails to State a Claim for Intentional Interference with Prospective Economic Relations as to Him Individually.

No facts are alleged as to any prospective business as to Yuan as an individual. The only prospective economic relationship alleged in the Counterclaim to have been interfered with was the investment contract between Meitao and a Canadian investor. The only alleged damage resulting from that interference was to Meitao. The Counterclaim alleges this clearly:

"*Meitao* and a Canadian company executed an *investment*

9

> *agreemen*t, under which the Canadian company would make a fifty-million *investment in Meitao*. However, because of Guo and Third-party Defendants' false and defamatory statements and constant harassments and threats, the Canadian company terminated the investment agreement, and *Meitao did not receive any money*.
>
> Because of Guo and Third-party Defendants' false and defamatory statements, *Meitao's revenue dropped* significantly, and its franchisees withdrew from the franchise agreements. In or about 2018, *Meitao had to close all stores* due to loss of business."

(*Id.*, ¶¶44 and 45 (emphasis supplied)). Indeed, this purported cause of action even alleges that it was Meitao – that was damaged, as the Counterclaim alleges as a result of the "terminated investment agreement … Meitao lost at least fifty million dollars." (Counterclaim, ¶ 77). There is no interference with any economic relationship between Yuan and any third party, and there is no damage resulting to Yuan as a result of the interference with Meitao's economic relationship.

Apparently, Yuan's theory is that because he is the "owner" and "CEO" of Meitao (id., ¶4), the corporation's business is his own and Meitao's loss of an investor is Yuan's.

But that is not correct. "It is fundamental, of course, that the corporation has a personality distinct from that of its shareholders, and that the latter neither own the corporate property nor the corporate earnings." *Sole Energy Co. supra.* at 229, *quoting*, *Miller v. McColgan* (1941) 17 Cal.2d 432, 436.

Moreover, while Yuan is the "owner" and CEO of the corporation (*id.*, ¶4), to be sure, it is not a small, one-man operation. Rather, Meitao had 12 employees (*id.*, ¶4) and in 2017, the corporation operated two stores in the Los Angeles area and had another 32 franchisees operating throughout the United States as well as large warehouses throughout the U.S. (*Id.*, ¶ 5).

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

The Counterclaim alleges no economic relations between Yuan and a third party that were interfered with and alleges no damage to Yuan as a result of any act of interference. Therefore, Yuan fails to state the purported Fourth Cause of Action as to him, individually.

**6.**     **Conclusion.**

For all of the foregoing reasons, this motion should be granted.


Dated: November 30, 2018          LAW OFFICE OF NEIL M. SUNKIN

A Professional Corporation
By:     s/Neil M. Sunkin
          Neil M. Sunkin
And
**COHEN AND HOWARD LLP**
*Attorneys for Plaintiff WENGUI GUO a/k/a MILES KWOK*

## PROOF OF SERVICE BY MAIL ON THIRD PARTY IN PRO PER

I am employed in the in the County of Los Angeles, State of California; over the age of 18 and not a party to this action. My current business address is 22908 Gershwin Drive, Woodland Hills, CA 91364

On November 30, 2018, I served the foregoing documents(s) **COUNTER-DEFENDANT WENGUI GUO'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES** on the third party defendant(s) as follows by placing true copies thereof in sealed envelope(s) addressed as follows:

Dinggang Wang                     Hong Zeng
6589 Mermaid Circle               13 Michael St.
Las Vegas, NV 89103               Jamesburg, NJ 08831

I placed the envelope(s) with postage thereon fully prepaid in the United States mail at Woodland Hills, California.

All other appearing parties are served electronically through CM/ECF.

Executed on November 30, 2018, at Woodland Hills, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

s/Neil M. Sunkin
_____
**NEIL M. SUNKIN**

COUNTER-DEFENDANT WENGUI GUO'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES